**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| KRISTY ROBINSON, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Civil Action No.: 2:18-cv-1962-RDP |
| | } | |
| NANCY A. BERRYHILL, | } | |
| Acting Commissioner of | } | |
| Social Security Administration, | } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM DECISION**

Plaintiff Kristy Robinson ("Plaintiff") brings this action pursuant to Section 205(g) of the

Social Security Act (the "Act"), seeking review of the decision of the Commissioner of Social

Security (the "Commissioner") denying her claims for a period of disability insurance benefits

("DIB"). *See* 42 U.S.C. § 405(g). Based on the court's review of the record and the briefs submitted

by the parties, the court finds that the decision of the Commissioner is due to be affirmed.

**I.      Proceedings Below**

On February 27, 2016 Plaintiff protectively applied for a period of disability and disability

insurance benefits under Title II of the Social Security Act, alleging disability as of July 1, 2011.

(R. 137). The Social Security Administration ("SSA") initially denied Plaintiff's application on

April 8, 2016. (R. 84). On June 16, 2016, Plaintiff filed a request for a hearing before an

Administrative Law Judge ("ALJ"). (R. 88). That request was granted (R. 88), and Plaintiff

received a hearing before ALJ Perry Martin on October 11, 2017. (R. 109).

On February 13, 2018 the ALJ issued an unfavorable decision, finding Plaintiff "has not been

under a disability within the meaning of the Social Security Act from February 27, 2016 through

the date of this decision." (R. 16). After the Appeals Council ("AC") denied Plaintiff's request for review of the ALJ's decision (R. 1), the ALJ's decision became the final decision of the Commissioner, and, therefore, a proper subject for this court's review.

## II.    Facts

Plaintiff was 32 years old as of her application date. (R. 73). She has a high school education (R. 158), and worked for a few months in 2004 and 2005 and a few more months in 2011. (R. 48-5, 143). Plaintiff initially alleged that she could not work due to HIV, panic attacks, and chronic migraines. (R. 157). In addition to HIV, panic attacks, and chronic migraines, she later alleged she experiences insomnia, depression, anxiety, and digestive issues (R. 176).

In May 2015, Plaintiff presented to Dr. Rashundra Hopkins of the Kirklin Clinic. (R. 405). The Kirklin Clinic documents indicate Plaintiff was diagnosed as Bipolar and prescribed Lithium and Seroquel. (*Id.*).

Plaintiff saw Dr. Christina Muzny at the Kirklin Clinic on February 16, 2016. (R. 800). Dr. Muzny indicated that Plaintiff has a history of persisting migraines which had worsened since an assault by a former partner. (*Id.*). Dr. Munzy noted Plaintiff's migraines to be "daily and severe." (*Id.*). Dr. Munzy further indicated in her notes that Plaintiff suffers from chronic insomnia and is prescribed Amitriptyline. (R. 338).

On the same day, Plaintiff saw Dr. Leigh Medaris of the Kirklin Clinic, who diagnosed Plaintiff with generalized anxiety disorder. (R. 800).

On March 26, 2016, Dr. David Faber II of the Kirklin Clinic diagnosed Plaintiff with Post Traumatic Stress disorder and referred Plaintiff to therapy, increased her Amitriptyline dosage, and added Escitalopram to her prescribed medications. (R. 354-55).

### III.    ALJ Decision

Disability under the Act is determined under a five-step test.  20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. § 404.1572(a). "Gainful work activity" is work that is done for pay or profit.  20 C.F.R. § 404.1572(b). If the ALJ finds that the claimant engages in substantial gainful activity, then the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of medical impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Absent such impairment, the claimant may not claim disability. *Id.* Third, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, the claimant is declared disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

If the claimant does not fulfill the requirements necessary to be declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must first determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). In the fourth step, the ALJ determines whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is determined to be capable of performing past relevant work, then the claimant is deemed not disabled. *Id.* If the ALJ finds the claimant unable to perform past relevant work, then the analysis proceeds to the fifth and final step.  20 C.F.R. § 404.1520(a)(4)(v). In the last part of the analysis, the ALJ must determine whether the claimant is able to perform any

other work commensurate with her RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). Here, the burden of proof shifts from the claimant to the ALJ to prove the existence, in significant numbers, of jobs in the national economy that the claimant can do given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

Here, the ALJ determined that Plaintiff met step one as she had not engaged in substantial gainful activity since January 8. 2009. (R. 62). Next, the ALJ determined that Plaintiff has two severe impairments: HIV and gender identity disorder. (R. 62). The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meet the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 62). The ALJ then determined that Plaintiff met step four and is not capable of performing past relevant work. (R. 66). Finally, however, the ALJ determined that Plaintiff has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 416.967(c). (R. 62).

## IV.    Plaintiff's Argument for Remand or Reversal

Plaintiff argues that (1) the ALJ's decision that there are significant number of jobs in the national economy for Plaintiff is not supported by substantial evidence based on the testimony of vocational expert ("VE"); (2) the ALJ's decision that Plaintiff does not meet the requirements of 14.11H-I is not supported by substantial evidence; (3) the ALJ's decision that Plaintiff does not meet the requirements of paragraph C of mental disorders is not supported by substantial evidence; and (4) the ALJ's decision that Plaintiff does not meet the requirements of paragraph C of mental disorders is not supported by substantial evidence. (Pl. Br., Doc. #11 at 13-24).

## V.    Standard of Review

The issues before this court are whether the record reveals substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. §405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir.

1982), and whether the correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §405(g) mandates the Commissioner's findings are conclusive if supported by "substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is reasonable and supported by substantial evidence. *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 894 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the Commissioner's factual findings must be affirmed even if the evidence preponderates against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges judicial review of the ALJ's findings is limited in scope, the court also notes review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

## VI. Discussion

Plaintiff "bears the burden of proving [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §416.912(a)). Upon careful review of the entire record, the court concludes that Plaintiff has not met this burden. Thus, the court concludes the Commissioner's decision is supported by substantial evidence, is in accordance with applicable law, and is due to be affirmed.

**A. The ALJ's hypothetical question to the VE included all the Plaintiff's limitations and therefore the VE's testimony supports the ALJ's decision.**

For a VE's testimony to constitute substantial evidence to support the ALJ's decision, the ALJ must pose a hypothetical question to the VE that comprises all the claimant's limitations. *See Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). Here, the ALJ provided the limitations of Plaintiff's RFC to a VE, and the VE identified sedentary jobs that Plaintiff could perform (R. 19, 52-53).

Plaintiff alleges that the ALJ's reliance on the VE's testimony was misplaced; specifically, she contends that the ALJ improperly failed to accept that (1) she had limitations requiring she be off task 20 percent of the day, (2) that excessive absences would preclude work, and (3) that she is unable to respond appropriately to the public or to routine work pressures. (Pl. Br., Doc. #11 at 13-18). The ALJ reasonably rejected the VE's testimony about these additional limitations because substantial evidence shows Plaintiff does not have those limitations. *See Graham v. Bowen*, 790 F.2d 1572, 1576 (11th Cir. 1986) (holding vocational expert's response to hypothetical question was irrelevant where the claimant failed to prove he had the limitation included in the question).

An ALJ need not include limitations in a hypothetical question that are unsupported by the record and need not accept testimony from a VE in response to unsupported limitations. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (hypothetical question was proper where it omitted limitations that claimant alleged to suffer but were not supported by the record); *Wilson*, 284 F.3d at 1227-28 (VE's testimony supported ALJ's decision where claimant's subjective assertions were not supported by the medical evidence); *Graham*, 790 F.2d at 1576.

Here, as the ALJ correctly noted, the record does not document frequent emergency room visits for extreme headache pain. (R. 21). Other than her own statements, Plaintiff cites no evidence

that her headaches were debilitating, such that they would cause this type of limitation. *See* 416.912(a); *Santos v. Soc. Sec. Admin., Comm'r*, 731 F. App'x 848, 852 (11th Cir. 2018) (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) and 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3)) ("A claimant bears the burden of proof for establishing the existence of a disability and must produce evidence in support of a claim, including at the RFC stage"). Because the ALJ included all of Plaintiff's supported limitations in his first hypothetical question to the VE, the VE's response supports the ALJ's decision that Plaintiff is not disabled.

### B. Substantial evidence supports the ALJ's decision that Plaintiff's impairments do not meet or equal a listed impairment, including Listing 14.11.

At step three, the ALJ must determine whether a claimant's impairments meet or medically equal a Listing. *See* 20 C.F.R. § 404.1520(a)(4)(iii). A claimant may establish disability if he proves that his impairments meet or equal a Listing. (*Id.*). To meet a Listing, a claimant must (1) establish that he has a diagnosed condition included in the Listings and (2) provide objective medical reports documenting that this condition meets the specific criteria of the applicable Listing and the duration requirement. 20 C.F.R. § 404.1525(a)-(d). To equal a Listing, the medical findings must be "at least equal in severity and duration to the listed findings." 20 C.F.R. § 404.1525(a)-(d). A diagnosis alone is insufficient to meet a Listing's criteria. *See Sullivan v. Comm'r*, 493 U.S. 521, 530 (1990) ("An impairment that manifests only some of [a Listing's] criteria, no matter how severely, does not qualify."). Further, the symptoms must last or be expected to last for a continuous period of twelve months. *See* 20 C.F.R. § 404.1525(c)(4).

Here, the ALJ considered Listing 14.11 and found that "the record does not document findings consistent with the requirements of [this] listing." (R. 18). Although Plaintiff has HIV, "she has not been treated for opportunistic infections or cancers, her body mass index has remained stable, and she has not experienced repeated manifestations of HIV infection as described in the

listing." (R. 18). Listing 14.11 H and I, respectively, require complications of HIV infection requiring hospitalization or repeated manifestations of HIV infection causing marked limitations. (R. 18, 333-39, 359-61, 375-77, 398-404, 435-37, 451-54, 469- 72, 506-12, 558-64, 600-03, 632-36, 655-59, 708-12, 726-29, 749-53, 800-05).

Because the ALJ made an express finding regarding Listing 14.11, there was no error. *See Hutchison v. Bow*en, 787 F.2d 1461, 1463 (11th Cir. 1986) (finding no error where ALJ's listing's finding was implicit); *see also O'Neal v. Comm'r of Soc. Sec.*, 614 F. App'x 456, 459 (11th Cir. 2015) (upholding ALJ's implicit finding that claimant's impairments did not meet a particular listing); *Gray v. Comm'r of Soc. Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011) (same).

### C. The ALJ's decision that Plaintiff does not meet the requirements of paragraph B of mental disorders is supported by substantial evidence.

Plaintiff asserts that the ALJ erred in finding she did not meet the Paragraphs B or C criteria of Listing 12.04. (Pl.'s Br., Doc. #11 at 20-27). Under 12.04 listing for depressive bipolar, and related disorders, a claimant's impairments must first meet the diagnostic criteria. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. Then, the impairments may satisfy the listing by also meeting the Paragraphs B *or* C criteria. *Id.*

The B criteria generally are an extreme limitation in one or a marked limitation in two of the following areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. 18). 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.00E, 12.04B. These areas are rated on a five-point rating scale consisting of none, mild, moderate, marked, or extreme limitation. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00F2. A mild limitation means a claimant's functioning is slightly limited; a moderate limitation means a claimant's functioning is fair; a marked limitation means a

claimant's functioning is seriously limited; and an extreme limitation means a claimant is not able to function. *See id.*

Under the B criteria, the ALJ correctly found that Plaintiff had moderate limitations with understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace and a mild limitation with adapting or managing oneself. (R. 18-19). Plaintiff asserts that the ALJ should have found more than moderate limitations with understanding, remembering, or applying information and concentrating, persisting, or maintaining pace. (Pl.'s Br., Doc. #11 at 21-23). Plaintiff also argues that the ALJ should have found more than mild limitations with adapting or managing oneself. (Pl.'s Br., Doc. #11 at 23-24).

Understanding, remembering, or applying information refers to the abilities to learn, recall, and use information to perform work activities. 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05E1. At mental status examinations, Plaintiff displayed normal findings in areas such as thought processes and was further observed to have intact comprehension, good cognition, intact memory, intact executive functioning, and good insight and judgment (R. 18, 336, 354, 361, 400, 437, 453, 508, 560, 602, 635, 657, 710, 728, 751, 802). Plaintiff complains that her migraines caused marked limitations in this area, (Pl.'s Br., Doc. #11 at 23), but the ALJ specifically considered her migraines and found that the record failed to reflect that her migraines would prevent her from performing activities (R. 18). In fact, substantial evidence of record shows that Plaintiff's migraines did not cause debilitating limitations, and she was in fact able to complete daily activities, such as occasional child care, performing in shows, cooking, shopping, traveling (R. 21, 37, 660, 663, 806). As such, the ALJ correctly found that Plaintiff did not meet B paragraph criteria.

**D. The ALJ's decision that Plaintiff does not meet the requirements of Paragraph C of mental disorders is supported by substantial evidence.**

To meet the Paragraph C criteria, a claimant must have medically documented history of the existence of the mental disorder over a period of at least 2 years, with evidence of both: (1) medical treatment, mental health therapy, psychosocial supports, or a highly structured setting that is ongoing and that diminishes the symptoms and signs of the claimant's mental disorder; and (2) marginal adjustment, that is, the claimant has a minimal capacity to adapt to changes in the claimant's environment or to demands that are not already part of the claimant's daily life. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04C. For the C1 criterion, generally, the claimant must have received ongoing medical treatment with a frequency consistent with accepted medical practice for the type of treatment or evaluation required for the claimant's medical condition. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00G2b. For the C2 criterion, the record must show that the claimant's adaptation to the daily demands of life is fragile and increased changes or demands leads to deterioration, such as the claimant cannot function outside his or her home or is hospitalized. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00G2c.

The ALJ correctly found that Plaintiff's impairments did not meet the paragraph C criteria noting, among other things, that there is no evidence of a marginal ability to adjust (as there is no evidence that Plaintiff has minimal capacity to adapt to changes in her environment or to demands that are not already part of her daily life). (R. 19). In support, the ALJ cited Plaintiff's ability to handle her mother's death, move to a new city, attend to her medical needs, and participate in community- based support groups. (R. 19, 333, 334, 660). The record further shows Plaintiff was able to handle a stressful situation with a neighbor, requesting the assistance of the police and her landlord, while also making a request to transfer housing. (R. 516). Plaintiff claims her impairments meet the listing's C1 criterion because she has continually sought medical treatment

and needs a highly-structured setting to function. (Pl.'s Br., Doc. #11 at 25). However, Plaintiff's treatment has not been consistent. Plaintiff has chosen not to go to appointments at times because of the wait involved and has been counseled to reengage in care after what appears to be a year without focused treatment. (R. 507, 511, 515). Although Plaintiff claims she has a highly structured living environment because she lives in AIDS housing, (Pl.'s Br., Doc. #11 at 26), the record does not reflect that Plaintiff is in this setting because of mental difficulties. As far as the C2 criterion, Plaintiff has failed to rebut the evidence cited by the ALJ that she has more than a minimal ability to adapt. Rather, she claims she meets the C2 criterion solely based on her testimony that she lays down for days on end. (Pl.'s Br., Doc. #11 at 26). Plaintiff's vague statement is not sufficient to show she meets the criterion in the light of the specific evidence to the contrary cited by the ALJ. Substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet Listing 12.04.

## VII.     Conclusion

The court concludes that the ALJ's determination that the Plaintiff is not disabled is supported by substantial evidence and the proper legal standards were applied in reaching this determination. The Commissioner's final decision is therefore due to be affirmed.  A separate order in accordance with this memorandum decision will be entered.

**DONE** and **ORDERED** this October 16, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE